IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VPP GROUP, LLC,

|  |  |  |
|---|---|---|
| | Plaintiff, | OPINION AND ORDER |
| v. | | |
| | | 13-cv-185-wmc |
| TOTAL QUALITY LOGISTICS, LLC, | | |
| and TOTAL QUALITY LOGISTICS, INC., | | |
| | Defendants. | |

---

Plaintiff VPP Group, LLC filed this suit in state court, asserting common law claims for breach of contract, negligence, civil theft and conversion against defendants Total Quality Logistics, LLC and Total Quality Logistics, Inc.  (Compl. (dkt. #1-2).) Invoking this court's diversity jurisdiction, defendants removed pursuant to 28 U.S.C. § 1446(b) and 28 U.S.C. § 1332(a)(1).  (Not. of Removal (dkt. #1) ¶¶ 3.)  Because the allegations in the notice of removal and complaint are insufficient to determine whether diversity jurisdiction actually exists, defendants will be given an opportunity to file an amended notice of removal containing the necessary allegations.  A failure to do so promptly will result in dismissal of this lawsuit for lack of subject matter jurisdiction.

OPINION

"Federal courts are courts of limited jurisdiction."  *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be

1

dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, defendants contend in their notice of removal that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (Not. of Removal (dkt. #1) ¶ 3.) For the latter to be true, however, there must be *complete* diversity, meaning plaintiff cannot be a citizen of the same state as *any* defendant. *Smart*, 562 F.3d at 803. Defendant's allegations as to the citizenship of plaintiff VPP Group, LLC and defendant Total Quality Logistics, LLC prevent this court from determining if this is so.

"[T]he citizenship of an LLC is the citizenship of each of its members," yet defendant has not alleged sufficient information to determine whether complete diversity exists here. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). In the notice of removal, defendants label plaintiff merely as a "domestic corporation with its principal place of business in Norwalk, Wisconsin." (Not. of Removal (dkt. #1) ¶ 6.) Plaintiff's name, however, reveals that it is a limited liability company. The court assumes "domestic" means that it is registered in Wisconsin, but the Seventh Circuit instructs that this information is wholly irrelevant in deciding the citizenship of a limited liability company. *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).

For Total Quality Logistics, LLC, defendants do somewhat better, alleging that its three members are Total Quality Logistics, Inc. (the co-defendant, which is an Ohio corporation with its principal place of business in Ohio) and MJZ Holdings, LLC, and KMB Holdings, LLC, both described as Ohio-registered limited liability companies with their respective principal places of business also in Ohio.  (Not. of Removal (dkt. #1) ¶¶ 7-11.)  These allegations, however, are also insufficient.  Seventh Circuit law requires that if any members of the LLCs are *themselves* a limited liability company, partnership, or other similar entity, then the individual citizenship of each of their members and partners must be alleged as well.  *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.").

Before dismissing this action for lack of subject matter jurisdiction, defendants will be given leave to file within 21 days an amended notice of removal which establishes subject matter jurisdiction, including the necessary allegations of the actual citizenship of the two, named LLC parties that are limited liability companies.

ORDER

IT IS ORDERED that:

1) defendants Total Quality Logistics, LLC and Total Quality Logistics, Inc. shall have until January 28, 2014, to file and serve an amended notice of removal containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

3

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 7th day of January, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge